```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA
```

DAVID GILLILAND o/b/o            )
SAMMY GILLILAND, Deceased,       )
                                 )
        Plaintiff,                )
                                 )
v.                               )    No. CIV-08-183-FHS-SPS
                                 )
MICHAEL ASTRUE, Commissioner     )
Social Security Administration   )
                                 )
        Defendant.                )

## OPINION AND ORDER

Plaintiff's counsel filed a Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 29) on February 16, 2011. Judgment was entered in favor of Plaintiff on August 25, 2009, remanding this action to the Commissioner under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner found in favor of Plaintiff and determined Plaintiff's decedent was entitled to benefits between January 2005 and his death in February 2008. On January 18, 2011, a Notice of Award was issued in favor of Plaintiff with an award of back benefits in the amount of $30,011.00.

Attorney fees are awardable under 42 U.S.C. § 406(b)(1) when a social security claimant is awarded disability benefits following a remand from a federal district court. McGraw v. Barnhart, 450 F.3d 493, 496 (10th Cir. 2006). In such circumstances, the fourteen-day period running from the date of judgment under Fed.R.Civ.P. 54(d)(2)(B)(i) will have expired and claimants, through counsel, rely on Rule 60(b)(6) to seek such

fees well after the expiration of the fourteen-day period. Id. at 505. The McGraw Court noted, however, that "[a] motion for an award of fees under § 406(b)(1) should be filed within a reasonable time of the Commissioner's decision awarding benefits." Id. The Court finds it appropriate to authorize Plaintiff's counsel to file her § 406(b)(1) motion for attorney fees following the receipt of the January 11, 2011, Notice of Award containing the calculation of past-due benefits. The "decision awarding benefits" language referenced by the McGraw Court necessarily includes not only the favorable decision on disability, but the actual award of past-due benefits. Plaintiff's counsel is entitled to file her motion within a reasonable time of the Notice of Award. Counsel's motion filed on February 16, 2011 - twenty-nine days from the January 18, 2011, Notice of Award - is therefore timely.

Plaintiff's counsel has moved the Court to approve an attorney fee award under 42 U.S.C. § 406(b)(1) in the amount of $7,502.75 for counsel's representation of Plaintiff before the Court. Counsel's requested fees do not exceed either the amount contracted for in the parties' contingency agreement or the 25% limitation of section 406(b). Neither the Commissioner nor the Plaintiff have presented any objection to Plaintiff's counsel's request for fees in the amount of $7,502.75. The Commissioner has filed an informative response on the various points of law to be considered, but has declined to take a position on the reasonableness of counsel's fee request. Plaintiff has not filed any response or objection. The Court has conducted an independent review of the record, including the contingency-fee contract between counsel and Plaintiff, and counsel's documented

time records, and concludes counsel's motion is timely and that the requested attorney fee amount of $7,502.75 is reasonable under the facts and circumstances of this case given the nature and quality of the representation and the results achieved. See Gisbrecht v. Barnhart, 535 U.S. 789, 807-809 (2002).

Consequently, Plaintiff's counsel's Motion For Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Dkt. No. 29) is granted in the amount of $7,502.75.[1]

It is so ordered this 7th day of March, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

---

[1] Plaintiff's counsel has attached a United States Department of Treasury document (Attachment 3) reflecting the diversion and application of Plaintiff's attorney fee award in the amount of $3,960.50 under the Equal Access to Justice Act ("EAJA") to offset Plaintiff's child support debt. Given the application of the EAJA attorney fee award as an offset, there is no EAJA attorney fee to refund to the Plaintiff. See Garnett v. Astrue, 2009 WL 93063 (M.D. Fla. 2009)(EAJA fees not subject to refund when they are garnished to pay claimant's federal debt). Thus, the Court will not direct Plaintiff's counsel to refund the smaller EAJA to Plaintiff pursuant to Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

3